HANUSZ LAW, PC
John Hanusz (SBN 277367)
553 South Marengo Avenue
Pasadena, California 91101
Telephone: (213) 204-4200
john@hanuszlaw.com

Counsel for Akop Kantrdzyan

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>AKOP KANTRDZYAN, <br><br>　　　　　Defendant. | CASE NO. 24CR-00418-SVW <br><br> **MOTION FOR ORDER TO STAY PROCEEDINGS ON MOTION TO DISMISS INDICTMENT** <br><br> **Hearing Date: November 25, 2024** <br><br> **Hearing Time: 11:00 a.m.** |

1   Akop Kantrdzyan, by and through counsel of record, respectfully moves
2   this Court for an order holding in abeyance his motion to dismiss the charges
3   against him under 18 U.S.C. § 922(g)(1), pending the conclusion of *en banc*
4   proceedings in *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024). This
5   Motion is based on the attached memorandum of points and authorities, all files
6   and records in this case, and any further evidence that may be adduced at a
7   hearing on this motion.
8   Dated: October 28, 2024         Respectfully submitted,

             *s/ John Hanusz*
             John Hanusz

             Counsel for Akop Kantrdzyan

## MEMORANDUM OF POINTS AND AUTHORITIES

Akop Kantrdzyan respectfully requests that this Court issue an order holding in abeyance his pending motion to dismiss the charges against him under 18 U.S.C. § 922(g)(1), pending the conclusion of *en banc* proceedings in *United States v. Duarte*, 9th Circuit Case No. 22-50048. Such a stay is appropriate to promote the orderly resolution of issues in this case, avoid duplication of effort and waste of resources, and ensure that Mr. Kantrdzyan is not prematurely tried, convicted, and sentenced on a charges that violate his Constitutional rights.

### I.   RELEVANT PROCEDURAL BACKGROUND

*Duarte*, currently pending before the Ninth Circuit, presents the question of whether and when a § 922(g)(1) charge is unconstitutional as applied to a particular defendant under the Second Amendment to the United States Constitution, as interpreted by the Supreme Court in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 18 (2022) and *United States v. Rahimi*, 602 U.S. __, 144 S. Ct. 1889 (2024). That question—the constitutionality of §922(g)(1) under the Second Amendment—is precisely the one presented in Mr. Kantrdzyan's pending motion to dismiss the 922(g)(1) charges in this case. The Ninth Circuit issued a published opinion in *Duarte* on May 9, 2024, holding that § 922(g)(1) was unconstitutional as applied to the defendant there: a felon with no violent criminal history. But the Ninth Circuit has since vacated that panel opinion and granted *en banc* rehearing, with *en banc* oral argument set to occur the week of December 9, 2024. Dkt. Nos. 81, 82, and 89, *United States v. Duarte*, 9th Cir. Case No. 22-50048. An *en banc* opinion will presumably issue after that date. Given that the question of §922(g)(1)'s constitutionality is squarely presented in that case, it is likely that the *en banc* opinion will set forth a new and controlling rule of law on that question, including a standard to guide a district court's determinations of Second Amendment challenges to § 922(g)(1) charges in particular cases.

3

## II. THIS COURT HAS DISCRETION TO STAY PROCEEDINGS ON A MOTION TO PROMOTE THE ORDERLY COURSE OF JUSTICE AND STREAMLINE DETERMINATION OF THE ISSUES

This Court has the inherent power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Whether a *Landis* stay is appropriate takes into account three factors: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Whether or not to grant a *Landis* stay is a matter of discretion. *See Dependable Highway Ex, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir 2007).

## III. A STAY OF THE MOTION TO DISMISS THE § 922(G)(1) CHARGE IS APPROPRIATE IN THIS CASE

Each of the *Landis* factors supports staying proceedings on Mr. Kantrdzyan's motion to dismiss the § 922(g)(1) charges here. The first, possible damage from granting a stay, is negligible, because a stay would be temporary and bounded by potential further proceedings in *Duarte.* The *en banc* court has indicated that oral argument will occur during the week of December 9, 2024. These deadlines preclude any indefinite or open-ended delay.

The second factor, hardship or inequity a party may suffer if required to go forward, also supports staying proceedings. If forced to go forward before *Duarte* is resolved, Mr. Kantrdzyan could end up enduring a trial, and suffering convictions, on charges that violate his Constitutional rights. Though an appeal could later correct that legal error, it would fail to cure the hardship occasioned

4

1  by the stress and humiliation of the experience of trial and conviction—let alone
2  the waste of resources by the Court and parties in litigating a charge that is
3  ultimately reversed. *See, e.g., Mannes v. Gillespie*, 967 F.2d 1310, 1313 (9th Cir.
4  1992) (being forced to stand trial on charges that might be barred by the Double
5  Jeopardy clause constitutes irreparable injury); *cf. Bullington v. Missouri*, 451
6  U.S. 430, 445 (1981) (a criminal trial involves significant "embarrassment,
7  expense, and ordeal," as well as "anxiety and insecurity") (internal quotation
8  omitted).

9      A stay is also strongly supported by the third *Landis* factor: the need to
10 promote "the orderly course of justice measured in terms of the simplifying or
11 complicating of issues, proof, and questions of law which could be expected to
12 result from a stay." *Lockyer*, 398 F.3d at 1110. Failure to grant a stay can only
13 multiply the legal issues and questions of law before this Court, by potentially
14 necessitating another round of briefing if the *Duarte en banc* opinion
15 meaningfully changes the analysis from the prior panel decision. Alternatively, if
16 Mr. Kantrdzyan's case concludes and is on appeal when *Duarte*'s *en banc*
17 decision comes out, the Ninth Circuit could remand it back to this Court for
18 another round of litigation so that this Court can apply the newly announced
19 standard. *See United States v. Sellers*, 906 F.3d 848, 855 (9th Cir 2018) ("When
20 a district court applies the wrong legal standard ..., we ordinarily remand the case
21 so that it may apply the correct one in the first instance.") That extra step would
22 be obviated by simply staying the motion ex ante to wait for the *Duarte* opinion
23 to issue before this Court issues its ruling. It does not make sense to consider or
24 decide a motion to dismiss based on a decision that may soon be changed and
25 require a different analysis.

## IV. CONCLUSION

For the foregoing reasons, Mr. Kantrdzyan respectfully requests that this Court stay proceedings on his motion to dismiss the § 922(g)(1) charge, pending the conclusion of *en banc* proceedings in *Duarte*.